DAVID M. POITRAS P.C. (CA Bar No. 141309 – *admitted pro hac vice*)
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile:  (310) 203-0567
Email:    dpoitras@jmbm.com

JEFFREY L. HARTMAN (Bar No. 1607)
HARTMAN & HARTMAN
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Facsimile:  (775) 324-1818
Email:    notices@bankruptcyreno.com

Attorneys for Cal Neva Lodge, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>NEW CAL-NEVA LODGE, LLC,<br><br>Debtor. | Case No. 3:16-bk-51282-gwz<br><br>Chapter 11<br><br>**NOTICE OF HEARING ON CAL NEVA LODGE, LLC'S MOTION FOR ORDER OF SUBSTANTIVE CONSOLIDATION**<br><br>Hearing Date:  September 14, 2017<br>Hearing Time:  10:00 a.m. |

**NOTICE IS HEREBY GIVEN** that a hearing will be held on September 14, 2017 at 10:00 a.m., before the Honorable Gregg W. Zive, United States Bankruptcy Judge, at the C. Clifton Young Federal Building, located at 300 Booth Street, Fifth Floor, Courtroom 1, Reno, Nevada, to consider the Motion for Order of Substantive Consolidation (the "Motion") filed by Cal Neva Lodge, LLC, the debtor and debtor in possession in case no. 16-bk-51281-gwz ("Cal Neva" or the "Cal Neva Case" as applicable), which Motion was filed in the Cal Neva Case and this related

1  chapter 11 case filed by Cal Neva's wholly owned subsidiary New Cal-Neva Lodge, LLC, the
2  debtor and debtor in possession in case no. 16-bk-51282-gwz ("<u>New Cal-Neva</u>" or the "<u>New Cal</u>
3  <u>Neva Case</u>" as applicable).  Cal Neva and New Cal-Neva are referred to hereinafter collectively as
4  the Debtors.  By the Motion, Cal Neva requests an order of the Bankruptcy Court substantively
5  consolidating Cal Neva and New Cal-Neva and their bankruptcy estates for all purposes.
6  Substantive consolidation of Cal Neva and New Cal-Neva would combine the assets and liabilities
7  of each entity into a single pot as though they belong to a single entity.  All unsecured and
8  administrative claims against the consolidated entities would then be paid from the single pot and
9  inter-company claims of the combined entities would be extinguished.  Cal Neva submits that, as a
10 practical matter, such consolidation, if ordered, will only affect the general unsecured and
11 administrative creditors in both estates, as regardless of any consolidation, the various secured
12 creditors ahead of the general unsecured creditors (of both estates) will retain their collateral and
13 relative priority.  Based upon the facts of these cases, Cal Neva Debtor submits that absent
14 consolidation of the Debtors as proposed herein, general unsecured and administrative creditors in
15 the Cal Neva case will be unduly prejudiced, and such prejudice is avoidable and as set forth in the
16 Motion, contrary to applicable law.  If the general unsecured claims are consolidated, the "pot"
17 otherwise available solely to the New Cal-Neva Creditors will be reduced by approximately 26%
18 (exclusive of insider claims) and approximately 50% (inclusive of insider claims).  If the
19 administrative claims are consolidated, that "pot" would increase by approximately $225,000.  Cal
20 Neva is informed and believes that the amount of administrative claims in the New Cal-Neva case
21 are approximately $2,000,000.
22      The Motion is on file with the Bankruptcy Court, and parties who wish to review or copy it
23 may do so at the Office of the Clerk of the Bankruptcy Court, at the C. Clifton Young Federal
24 Building, located at 300 Booth Street, Reno, Nevada, between 9:00 a.m. and 3:30 p.m., Monday
25 through Friday.  The Motion: (a) at the Bankruptcy Court's website http://www.nvb.uscourts.gov (a
26 PACER login and password are required to access documents on the Bankruptcy Court's website),
27 or (b) by written request directed to counsel for Cal Neva at the address shown above.
28

PRINTED ON
RECYCLED PAPER
61275041v1

- 2 -

**PLEASE TAKE FURTHER NOTICE** that pursuant to order of the Bankruptcy Court any opposition to the Motion must be filed in accordance with Local Rule 9014(d)(1) on or before September 6, 2017 at 5:00 p.m. Pacific Time (i.e., the Court ordered simultaneous briefing). Local Rule 9014(d)(1) provides in part as follows:

The opposition must set forth all relevant facts and any relevant legal authority. An opposition may be supported by affidavits or declarations that conform to the provisions of LR 9014(c).

If you object to the relief requested, you <u>must</u> file a timely **WRITTEN** response to the Motion with the court. You <u>must</u> also serve your written response on the person who sent you this notice. <u>A paper copy of any response should also be delivered to the Clerk's office identified as "Copy for Chambers" or some similar designation</u>. If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

    i.    The court may <u>refuse to allow you to speak</u> at the scheduled hearing; and

    ii.    The court may <u>rule against you</u> without formally calling the matter at the hearing.

Respectfully submitted,

DATED: September 6, 2017    **JEFFER MANGELS BUTLER & MITCHELL LLP**

By:    /s/ *David M. Poitras*
      DAVID M. POITRAS P.C. *(admitted pro hac vice)*

- and –

**HARTMAN & HARTMAN**

By:    */s/ Jeffrey L. Hartman*
      JEFFREY L. HARTMAN

Attorneys for Cal Neva Lodge, LLC

PRINTED ON RECYCLED PAPER
61275041v1