Courtney Miller O'Mara (NV Bar No. 10683)
comara@fclaw.com
**FENNEMORE CRAIG, P.C.**
300 E. 2ND Street, Suite 1510
Reno, NV 89501
Tel: (775) 788-2200 Fax: (775) 786-1177

Efile: December 12, 2017

Shirley S. Cho (*admitted pro hac vice*)
scho@pszjlaw.com
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910 Fax: (310) 201-0760

**Counsel to the Official Committee of Unsecured Creditors**

Eric Goldberg (CA Bar No. 157544)
eric.goldberg@dlapiper.com
Paul Wassgren (NV Bar No. 9216)
paul.wassgren@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue Of The Stars, Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel: 310.595.3000 Fax: 310.595.3300

**Counsel to Lawrence Investments, LLC**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NEW CAL-NEVA LODGE, LLC,<br><br>Debtor. | Case No. 16-51282-gwz<br><br>Chapter 11<br><br>**JOINT EMERGENCY MOTION FOR ORDER APPROVING NON-MATERIAL MODIFICATIONS TO CONFIRMED PLAN AND RELATED RELIEF**<br><br>Hearing Requested per OST |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## INTRODUCTION

The Official Committee of Unsecured Creditors (the "Committee") of New Cal-Neva, LLC (the "Debtor") and Lawrence Investments, LLC ("Lawrence," and together with the Committee, the "Proponents") hereby submit this emergency motion ("Motion") seeking approval of certain non-material modifications to the *First Amended Plan of Liquidation for New Cal-Neva Lodge, LLC Jointly Proposed by Lawrence Investments, LLC and the Official Committee of Unsecured Creditors Dated August 16, 2017* [Docket No. 805] ("Plan")[1], all on the grounds set forth below.

Although the Court confirmed the Plan several months ago, the Plan has not gone effective due to the District Court's issuance of a stay pending appeal, which stay prevented the consumation of the Plan and the closing of the sale transactions provided for thereunder. Recently, the parties to the appeals and related litigation that have stalled the implementation of the Plan for almost two months agreed to settle their disputes through modifications to the Plan as reflected in the Term Sheet attached as **Exhibit A** hereto (the "Term Sheet"), and a related consensual Lien Litigation Resolution. To pave the way for this Motion to proceed, the parties recently filed with the District Court stipulations to dismisss the appeals, and to dissolve the stay. The District Court entered orders on December 12, 2017 dismissing the appeals, copies of which are attached hereto as **Exhibit B**.

Although the Term Sheet contemplates approval of this Motion no later than December 22, 2017 and a closing by January 10, 2018, the parties are endeavoring to close the transactions set foth in the Plan as promptly as possible and hopefully before year end. If the Plan cannot close by year end, there is a real and material risk that the Plan will not be consummated given additional expenses that will likely accrue, including additional U.S. Trustee fees. Accordingly, the Proponents request that the relief requested in this Motion be granted on an emergency basis.

//

//

//

//

[1] All initially-capitalized terms not defined herein have the meanings ascribed to them in the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A. General Background

On July 28, 2016 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. On September 13, 2016, the Office of the United States Trustee appointed the Committee in the Debtor's case, as amended on December 6, 2016. The current members of the Committee are: (i) The PENTA Building Group, LLC ("Penta"); (ii) Briggs Electric, Inc.; (iii) Savage & Son, Inc.; and (iv) George Stuart Yount.

### B. The Plan

The Court confirmed the Plan at a hearing on September 14, 2017. After much acrimony over the language of various documents, on October 16, 2017 the Court entered the *Order Confirming First Amended Plan Of Liquidation For New Cal-Neva Lodge, LLC Jointly Proposed By Lawrence Investments, LLC And The Official Committee Of Unsecured Creditors Dated August 16, 2017, As Modified Hereby* (Docket No. 966, the "Confirmation Order"). That same day, the Court also entered its *Findings of Fact and Conclusions of Law in Support of Order Confirming First Amended Plan of Liquidation for New Cal-Neva Lodge, LLC Jointly Proposed by Lawrence Investments, LLC and the Official Committee of Unsecured Creditors Dated August 16, 2017* (Docket No. 965, the "Findings").

### C. The Appeals

On October 18, 2017, Hall CA-NV, LLC ("Hall") and Paul and Evy Paye, LLC ("Paye") each filed a *Notice of Appeal and Statement of Election* to the Confirmation Order, Docket Nos. 969 and 971, respectively (collectively, the "Appeals"), which Appeals now are pending before the United States District Court for the District of Nevada ("District Court"). Hall and Paye each also requested that the District Court issue a stay of the Confirmation Order. However, as of the date of this Motion, the District Court had ruled only on Hall's request for a stay, which the District Court issued after a hearing on October 24, 2017.

Soon after the District Court issued its stay of the Confirmation Order, Lawrence informed the parties that its offer to acquire the Purchased Assets under the Plan would expire at the end of the day on November 8, 2017. On November 8, 2017, Judge Spraker from the United States Bankruptcy Court, District of Alaska conducted a third all-day mediation in this case in Las Vegas in an effort to globally resolve all of the issues regarding the Plan. While the parties were unable to reach a settlement at the mediation, following the mediation Lawrence agreed to keep its Plan offer until November 17, and then again until November 28, to provide more time for a settlement to occur.

After the mediation, the parties continued to engage in extensive, arms-length, and good faith negotiations. These negotiations resulted in the outline of a deal on November 28, following which the parties worked for more than a week to formulate a comprehensive term sheet, which now has been signed by all of the parties. The term sheet also provides for a resolution of the Lien Litigation, to be implemented via a separate 9019 motion in that adversary proceeding.

After the term sheet was signed, the parties entered into stipulations to dismiss both Appeals, and to dissolve the Hall Stay of the Confirmation Order. Those stipulations were approved by Court orders entered on December 12, 2017.

The result now is that the parties -- the Debtor, Lawrence, Hall, Penta, Paye, the professionals, and the Committee, now are finally able to come before the Court with an agreed framework to resolve this case. Per the Term Sheet, the parties have agreed to make certain non-material modifications to the Plan that will allow the Plan to go effective, and for the sale of the Resort and Fairwinds Estate to close, with the consent of all all the major players. Accordingly, the parties request that the Court grant this Motion, and approve the Term Sheet as a non-material modification to the Plan.

**D. <u>The Term Sheet and the Proposed Plan Modifications</u>**

The primary features of the Term Sheet are that (a) Hall and Penta have agreed to accept reductions in the payments to be made on account of their claims under the Plan; (b) the estates' professionals have agreed to a further discount of their already steeply discounted fees; (c) the reductions in payments that otherwise would be made to Hall, Penta and the professionals have freed up funds that will be used to fund a cash settlement to the Payes in the amount of $225,000; and (d)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Lawrence has agreed to exclude from the Purchased Assets both (i) certain Resort FF&E (which will go to Hall), and (ii) the personal propery in the Fairwinds Estate (which will go to Paye).

What follows is a more detailed summary of the elements of the Term Sheet that form the basis of the plan modifications that the Court is being asked to approve (note that the following summary is qualified by the more detailed provisions of the Term Sheet, which shall govern):

a. Plan Modification: The confirmed Plan will be modified by the instant Motion to approve the Term Sheet. The Plan will be modified to increase the Plan Payment to $2,355,000; reduce the carve-out for professional fees from $1,200,000 to $975,000; provide that any excess Plan Payment funds will be paid to Hall; provide that the $500,000 payment to Capital One Bank and an additional amount of $155,000 from the Plan Payment with respect to payments to Capital One Bank will be paid to Hall; provide that the Cal-Neva FF&E and any other of Hall's Collateral that is not sold to LI under the Plan will be assigned to Hall; and to provide for the payment of $225,000 from the Plan Payment to Paye.

b. Timetable & Deadlines: The plan modifications will be implemented by (a) Hall and Paye stipulating to the dismissal of their pending appeals, such that the appeals are dismissed by December 15, 2017; (b) Hall stipulating to the dissolution of the stay of the Confirmation Order, such that the stay is dissolved by December 15, 2017; (c) Lawrence stipulating that it will (i) not seek to consummate the existing Plan upon the dismissal of the Hall and Paye appeals, and the dissolution of the Hall stay; and (ii) seek to consummate the Plan and purchase of the Property and Fairwinds Estate only as modified pursuant to this term sheet; and (d) the Parties filing with the Bankruptcy Court a joint motion to approve plan modifications consistent with this term sheet.

c. Settlement of Lien Litigation: Hall and Penta will file a motion in the Lien Litigation seeking approval of a settlement of the Lien Litigation and dismissal of all claims with prejudice as to all parties to the Lien Litigation. The $15 million Lien Litigation Reserve will be distributed $8,025,000 to Penta and $6,855,000 to Hall. Hall and Penta agree to file a motion to dismiss the Lien Litigation and obtain an order of dismissal. Hall and Penta will leave the sum of $120,000 in the Lien Litigation Reserve with respect to any liens of subcontractors not included under the Penta Payees (as defined below) – an amount that exceeds the total amount of lien claims now asserted by such claimants. Any monies remaining after satisfying such liens will be split equally by Penta and Hall. Hall and Penta agree to continue the trial date scheduled for January 2018 to the extent necessary to implement the plan modifications and lien litigation settlement as provided for in this term sheet.

d. Penta and Subcontractors: Notwithstanding any treatment under the Plan, Penta will receive the amount of $8,025,000 on account of the claims of Penta, its subcontractors and D4US, LLC (collectively "Penta Payees") and Penta shall receive $550,000 on account of its superpriority lien pursuant to the replacement of the retail roof. Penta shall either deliver executed mechanics lien releases from each of the Penta Payees or, at its option, shall tender the recorded amount of such Penta Payee's mechanics lien into the Lien Priority Reserve.

e. Hall: With respect to its Secured Claim and its Administrative Claim, Hall will receive the balance of the Sale Proceeds in the approximate sum of $26,885,000

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

including the amount received from the Lien Litigation Reserve. In addition, Hall will receive from the Plan Payment reimbursement of the $655,745 it has funded to Capital One Bank and an assignment from the Debtor of the FF&E related to the Cal Neva Lodge and located in off-site storage at the O'Brien's Storage facility in Sparks, NV ("Cal-Neva FF&E"). Hall will consent to the transfer of the Fairwinds Estate to LI. Hall will exercise its rights under its Intercreditor Agreement with Ladera Development, LLC to obtain Ladera's support for the sale to LI, the Plan Modification and the Settlement of the Lien Litigation.

f. Commitments by Lawrence: Lawrence agrees to extend the deadline· to close under the APA through December 22, 2017 (and, assuming orders approving the agreements in the Term Sheet are entered by that date, to January 10, 2018) and to assign the Cal-Neva FF&E and any other of Hall's Collateral that is not sold to Lawrence under the Plan to Hall, and that the furnishings in the Fairwinds Estate shall be transferred to Paye. In addition, Lawrence agrees to reimburse Hall for any sums Hall previously paid to Capital One Bank in excess of $500,000, which amount is approximately $155,000.

g. Professionals: Notwithstanding any other treatment under the Plan, the Professionals for the Debtor and the Committee shall accept on account of their administrative claims the total amount of $975,000 from the Plan Payment, to be paid among them pro rata based on their respective total allowed fees and expenses.

h. Paye: Paye will receive $225,000 in exchange for dismissing its appeal; dismissing the Paye adversary; consenting to the transfer of the Fairwinds Estate to Buyer; the transfer of the Fairwinds Personal Property to Paye; and entering into various agreements. These other agreements shall provide for, among other things: (1) Paye to provide a full and complete release with respect to caretaker expenses or other maintenance or administrative expense claims related to the Fairwinds Estate; (2) Paye and LI to execute a full and complete mutual release of all claims known and unknown; (3) Paye and CR Lake Tahoe, LLC to execute a full and complete mutual release of all claims known and unknown; (4) Paye and 9898 Lake, LLC to execute a full and complete mutual release of all claims known and unknown; and (4) Paye and the Debtor to execute a full and complete mutual release of all claims known and unknown

i. Dismissal of Appeals: Hall and Paye agree to dismiss their appeals of the confirmation order and findings, and any related stay.

j. Mutual Releases: Hall and Penta agree to mutually release each other from any claims.

As indicated by their signatures to the Term Sheet, all of the parties affected by the foregoing changes have expressly agreed to modify the Plan to incorporate these changes.

## II.
## RELIEF REQUESTED AND ARGUMENT

Pursuant to this Motion, the Proponents request that the Plan be modified to implement the changes provided for under the Term Sheet, as summarized above ("Proposed Modifications").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Pursuant to Bankruptcy Code section 1127(b), the Proponents requests that the Plan be modified to incorporate the terms of the Proposed Modifications, which shall be binding and supersede any conflicting or inconsistent positions.  Bankruptcy Code section 1127(b) provides that:

> The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

11 U.S.C. § 1127(b).

The only creditors that are adversely affected by the Proposed Modifications have already expressed their support for these modifications, by signing the Term Sheet.  Given the material benefit that the Term Sheet represents, which is a path forward to effectuate an immediate closing of the Plan, which has been unfortunately held up close to two months now, approval of the the Proposed Modifications is in the best interests of the Debtors' estate and all parties in interest.  As such, the Proponents submit that the Proposed Modifications comply with Bankruptcy Code section 1127(b) because the Plan Modifications will have no impact on the holder of any claim that has not signed the Term Sheet.  Even after the Plan Modifications are approved, the Plan will continue to satisfy all of the applicable requirements of the Bankruptcy Code.

The Term Sheet also provides for the resolution of various pieces of related litigation, including the Paye adversary proceeding and the Lien Litigation.  By this Motion, the Proponents also request that the Court approve as a Plan Modification that aspect of the Term Sheet that provides for the Debtor and Paye to exchange releases.  The Debtor has represented to the Committee that it is unaware of any potential estate claims against the Payes, and that the release is in aid of the settlement contained in the Term Sheet.  As such, the Debtor and the Committee submit that the settlement of the Payes' dispute, as provided for in the Term Sheet meets the standards set forth under Fed. R. Bankr. P. 9019 and in *Martin v. Kane (In re A & C Properties)*, 784 F. 2d 1377, 1380-81 (9th Cir. 1986).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

The Court is not being asked through this Motion to approve the settlement of the Lien Litigation between Hall and Penta or any related releases. Rather, those will be the subject of a separate motion.

**III.**

**CONCLUSION**

For all of the foregoing reasons, the Plan Proponents request that the Court approve the Motion and enter an order approving the Proposed Modifications. The parties anticipate being able to lodge with the Court at or before the hearing on this Motion an agreed order approving the Plan Modifications that will be approved by the Debtor, the Committee, Hall, Penta, Paye and Lawrence.

Dated: December 12, 2017

*/s/ Courtney Miller O'Mara*

Thomas H. Fell (NV Bar No. 3717)
Courtney Miller O'Mara (NV Bar No. 10683)
FENNEMORE CRAIG, P.C.
300 E. 2nd Street
Reno, NV 89501
Telephone: (775) 788-2200
Facsimile: (775) 786-1177
Email: tfell@fclaw.com; comara@fclaw.com

John D. Fiero (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jfiero@pszjlaw.com; scho@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

and

Eric Goldberg (CA Bar No. 157544)
Paul Wassgren (NV Bar No. 9216)
DLA PIPER LLP (US)
2000 Avenue Of The Stars, Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel: 310.595.3000
Fax: 310.595.3300
E-Mail: eric.goldberg@dlapiper.com

Counsel for Lawrence Investments, LLC

# **EXHIBIT A**

# AMENDED AND RESTATED TERM SHEET

Lawrence Investments, LLC, SF Pacific, LLC, and CN Hotel Holdings LLC (collectively, "**LI**"); Hall CA-NV, LLC ("**Hall**"); The Penta Building Group and its subcontractors ("**PENTA**"); Paul and Evy Paye, LLC ("**Paye**"); New Cal Neva Lodge, LLC ("**Debtor**"); the Official Committee of Unsecured Creditors established in Debtor's case ("**OCC**"); and Hartman & Hartman, Keller & Benvenutti LLP, Fennemore Craig, P.C., and Pachulski Stang Ziehl & Jones, LLP (collectively, the "**Professionals**") (collectively, LI, Hall, PENTA, Paye, Debtor, OCC and the Professionals being the "**Parties**") enter into this Amended and Restated Term Sheet effective as of December 6, 2017.

1. Plan Modification: The confirmed Plan will be modified by the filing of a motion to approve non-material plan modifications which will be agreed to by the Parties. The Plan will be modified to increase the Plan Payment to $2,355,000; reduce the carve-out for professional fees from $1,200,000 to $975,000; provide that any excess Plan Payment funds will be paid to Hall; provide that the $500,000 payment to Capital One Bank and an additional amount of $155,000 from the Plan Payment with respect to payments to Capital One Bank will be paid to Hall; provide that the Cal-Neva FF&E and any other of Hall's Collateral that is not sold to LI under the Plan will be assigned to Hall; and to provide for the payment of $225,000 from the Plan Payment to Paye. The foregoing modifications will be implemented by (a) Hall and Paye stipulating to the dismissal of their pending appeals, such that the appeals are dismissed by December 15, 2017; (b) Hall stipulating to the dissolution of the stay of the Confirmation Order, such that the stay is dissolved by December 15, 2017; (c) LI stipulating that it will (i) not seek to consummate the existing Plan upon the dismissal of the Hall and Paye appeals, and the dissolution of the Hall stay; and (ii) seek to consummate the Plan and purchase of the Property and Fairwinds Estate only as modified pursuant to this term sheet; and (d) the Parties filing with the Bankruptcy Court a joint motion to approve plan modifications consistent with this term sheet.

2. Settlement of Lien Litigation: Hall and PENTA will file a motion in the Lien Litigation seeking approval of a settlement of the Lien Litigation and dismissal of all claims with prejudice as to all parties to the Lien Litigation. The $15 million Lien Litigation Reserve will be distributed $8,025,000 to PENTA and $6,855,000 to Hall. Hall and PENTA agree to file a motion to dismiss the Lien Litigation and obtain an order of dismissal. Hall and PENTA will leave the sum of $120,000 in the Lien Litigation Reserve with respect to any liens of subcontractors not included under the Penta Payees (as defined below). Any monies remaining after satisfying such liens will be split equally by PENTA and Hall. Hall and PENTA agree to continue the trial date scheduled for January 2018 to the extent necessary to implement the plan modifications and lien litigation settlement as provided for in this term sheet.

3. Penta and Subcontractors: Notwithstanding any treatment under the Plan, PENTA will receive the amount of $8,025,000 on account of the claims of PENTA, its subcontractors and D4US, LLC. (collectively "**Penta Payees**") and PENTA shall receive $550,000 on account of its superpriority lien pursuant to the replacement of the retail roof. PENTA shall either deliver executed mechanics lien releases from each of the Penta Payees or, at its option, shall tender the recorded amount of such Penta Payee's mechanics lien into the Lien Priority Reserve.

4. Hall: With respect to its Secured Claim and its Administrative Claim, Hall will receive the balance of the Sale Proceeds in the approximate sum of $26,885,000 including the amount received from the Lien Litigation Reserve. In addition, Hall will receive from the Plan

Payment reimbursement of the $655,745 it has funded to Capital One Bank and an assignment from the Debtor of the FF&E related to the Cal Neva Lodge and located in off-site storage at the O'Brien's Storage facility in Sparks ("**Cal-Neva FF&E**"). Hall will consent to the transfer of the Fairwinds Estate to LI. Hall will exercise its rights under its Intercreditor Agreement with Ladera Development, LLC to obtain Ladera's support for the sale to LI, the Plan Modification and the Settlement of the Lien Litigation.

5. Commitments by and for LI:

(a) LI agrees to hold open its commitment to purchase the Property under the terms of the Asset Purchase Agreement ("**APA**") (i) notwithstanding the fact that the Sale Order was appealed, stayed and failed to become a Final Order under the terms of the APA, and (ii) provided that a court order approving the plan modification contemplated by Section 1 above, and any other court order(s) that LI reasonably deems advisable to approve the sale of the Property and consummation of the Plan (as modified pursuant to this term sheet) are entered no later than December 22, 2017 (or such later date as LI may approve), and all such orders become final (without the issuance of any stay or the filing of any appeal or petition for review or rehearing) within not less than fourteen (14) days after their entry or such later date as LI may approve (the date on which the last of such orders become final is referred to as the "**Final Order Date**"), and (iii) with the understanding that the Scheduled Closing Date as provided under the APA will be reset to January 10, 2018 or, if later and requested by LI, five (5) business days after the Final Order Date.

(b) LI agrees to exclude from the Property to be acquired by LI under the APA: (i) the Cal-Neva FF&E, which the Debtor will assign to Hall, and (ii) the un-affixed furnishings and personal property in the Fairwinds Estate ("**Fairwinds Personal Property**") that are timely removed by Paye from the Fairwinds Estate prior to the Closing Date (defined below) pursuant to Paragraph 7 below. All of the Parties agree that the Fairwinds Personal Property is and shall be the personal property of Paye. No other Party has or shall have any claim of ownership to the Fairwinds Personal Property which is timely removed from the Fairwinds Estate by Paye. Paye is hereby granted access to the Fairwinds Estate to remove the Fairwinds Personal Property whenever convenient to Paye, so long as the Fairwinds Personal Property is removed by Paye prior to the Closing Date. The Parties shall facilitate, as necessary, Paye's removal of the Fairwinds Personal Property by, among other things, providing Paye with full access to the Fairwinds Estate. As used in this Amended and Restated Term Sheet, the term "**Closing Date**" shall have the meaning attributed to it in Section 1.01(h) of the APA, which Section reads as follows: *""Closing Date" shall mean the date on which the Closing occurs."*

(c) In light of Hall's prior payment to Capital One of approximately $155,000 more than the $500,000 cure amount contemplated under the Plan, LI agrees to increase the $2,200,000 Plan Payment to $2,355,000.

(d) All property taxes shall be paid current at closing. LI shall be responsible for property taxes, as prorated, only from and after the Closing Date. If and to the extent Capital One holds funds in any unapplied escrow, impound or other account or facility on the Closing Date, LI shall be entitled to those funds.

(e) Hall shall be responsible for the payment through and until the Closing Date of (i) all reasonable and necessary costs to secure and maintain the Property, including Alert Security,

United Site Services, Briggs Electric, Jim Eighme, JK Architects, Sani-Hut, O'Brien's Storage, Tahoe Workz Snow, and utility services, attributable to any period prior to the Closing Date, and (ii) amounts payable to Capital One under its loan secured by the Fairwinds Estate.  Any such payments that come due prior to the Closing Date shall be paid on a timely basis and prior to delinquency.  In the event Plan Payment funds are insufficient to cover such payments and all other costs designated for payment out of the Plan Payment under the Plan, such shortfall shall be the responsibility of Hall and operate to reduce the share of Sale Proceeds it receives.

(f)  Notwithstanding the terms of Paragraph 5(d) and 5(e) above, LI shall on the Closing Date reimburse or provide a credit through escrow for the benefit of Hall for (i) invoices paid and agreed obligations incurred for the period from the Final Order Date through the Closing Date owing to Alert Security, United Site Services, Briggs Electric, Jim Eighme, JK Architects, Sani-Hut, Tahoe Workz Snow and utility services (excluding O'Brien's Storage), and (ii) payments made by Hall to Capital One after the date of this Term Sheet for principal and ordinary (non-default rate) interest charges owing under its loan secured by Fairwinds Estate, and (iii) property taxes on the Lodge and the Fairwinds Estate attributable to the period from the Final Order Date through the Closing Date.

6.    Professionals: Notwithstanding any other treatment under the Plan, Professionals for the Debtor and the Committee shall accept on account of their administrative claims the total amount of $975,000 from the Plan Payment, to be paid among them pro rata based on their respective total allowed fees and expenses.

7.    Paye: Paye will receive $225,000 in exchange for the consideration set forth in this Amended and Restated Term Sheet.  Paye, with the cooperation of the Parties, shall dismiss its adversary proceeding with each party to bear its own attorneys' fees and costs (by stipulation with the defendants if necessary), and the same shall be dismissed with prejudice as to the Parties.  Paye, with the cooperation of the Parties, shall dismiss its appeal of the confirmation order with prejudice with each party to bear its own attorneys' fees and costs (by stipulation with the appellees if necessary).  Paye shall provide a full and complete release  for caretaker expenses or other maintenance or administrative expense claims related to the Fairwinds Estate.  Paye and LI shall execute a full and complete mutual release of all claims known and unknown.  Paye and CR Lake Tahoe, LLC shall execute a full and complete mutual release of all claims known and unknown.  Paye and 9898 Lake, LLC shall execute a full and complete mutual release of all claims known and unknown.  Paye agrees to review and execute such additional documentation that LI may require to carry out the agreement set forth herein.  In addition, Paye may take and retain the Fairwinds Personal Property, but only to the extent it is removed from the Fairwinds Estate at Paye's sole expense prior to the Closing Date.

8.    Dismissal of Appeals: Hall and Paye agree to dismiss their appeals of the confirmation order and findings, and any accompanying stay as set forth in this Amended and Restated Term Sheet

9.    Mutual Releases: Hall and PENTA agree to mutually release each other from any claims.  Paye and the Debtor mutually release each other from any and all known and unknown claims through the date of this Amended and Restated Term Sheet.

10. Final Documentation: The parties contemplate more comprehensive documentation, pleadings, and other materials and actions in order to fully consummate their agreements, as outlined in this Term Sheet. The parties and their counsel agree to fully cooperate in the drafting and execution of such additional documents as are reasonably necessary to implement the provisions of this Term Sheet, and to obtain court approval where such approval is deemed appropriate by the parties, or required by law.

11. Prior Term Sheet: This Amended and Restated Term sheet supersedes and replaces that certain Term Sheet dated November 28, 2017 executed by certain of the parties hereto, which November 28, 2017 Term Sheet shall be of no force or effect.

Agreed to as of the date first stated above.

DLA Piper LLP (US)

By:____________________________
Eric Goldberg
Counsel for Lawrence Investments, LLC, SF Pacific, LLC and CN Hotel Holdings, LLC

Gardere Wynne Sewell LLP

By:____________________________
Frank J. Wright
Counsel for Hall CA-NV LLC

Holland & Hart

By:________________________________
Lars Evensen
Counsel for The Penta Building Group, LLC

Estes Law P.C.

By:________________________________
Holly E. Estes
Counsel for Paul and Evy Paye, LLC

Hartman & Hartman

By:________________________________
Jeffrey L Hartman
On behalf of itself as a Professional, and as Counsel for New Cal-Neva Lodge, LLC

10. Final Documentation: The parties contemplate more comprehensive documentation, pleadings, and other materials and actions in order to fully consummate their agreements, as outlined in this Term Sheet. The parties and their counsel agree to fully cooperate in the drafting and execution of such additional documents as are reasonably necessary to implement the provisions of this Term Sheet, and to obtain court approval where such approval is deemed appropriate by the parties, or required by law.

11. Prior Term Sheet: This Amended and Restated Term sheet supersedes and replaces that certain Term Sheet dated November 28, 2017 executed by certain of the parties hereto, which November 28, 2017 Term Sheet shall be of no force or effect.

Agreed to as of the date first stated above.

DLA Piper LLP (US)

By:____________________________
Eric Goldberg
Counsel for Lawrence Investments, LLC, SF Pacific, LLC and CN Hotel Holdings, LLC

Gardere Wynne Sewell LLP

By: [signature]
Frank J. Wright
Counsel for Hall CA-NV LLC

Holland & Hart

By:____________________________
Lars Evensen
Counsel for The Penta Building Group, LLC

Estes Law P.C.

By:____________________________
Holly E. Estes
Counsel for Paul and Evy Paye, LLC

Hartman & Hartman

By:____________________________
Jeffrey L Hartman
On behalf of itself as a Professional, and as Counsel for New Cal-Neva Lodge, LLC

10. Final Documentation: The parties contemplate more comprehensive documentation, pleadings, and other materials and actions in order to fully consummate their agreements, as outlined in this Term Sheet. The parties and their counsel agree to fully cooperate in the drafting and execution of such additional documents as are reasonably necessary to implement the provisions of this Term Sheet, and to obtain court approval where such approval is deemed appropriate by the parties, or required by law.

11. Prior Term Sheet: This Amended and Restated Term sheet supersedes and replaces that certain Term Sheet dated November 28, 2017 executed by certain of the parties hereto, which November 28, 2017 Term Sheet shall be of no force or effect.

Agreed to as of the date first stated above.

DLA Piper LLP (US)

By:______________________________
Eric Goldberg
Counsel for Lawrence Investments, LLC, SF Pacific, LLC and CN Hotel Holdings, LLC

Gardere Wynne Sewell LLP

By:______________________________
Frank J. Wright
Counsel for Hall CA-NV LLC

Holland & Hart

By:______________________________
Lars Evensen
Counsel for The Penta Building Group, LLC

Estes Law P.C.

By:______________________________
Holly E. Estes
Counsel for Paul and Evy Paye, LLC

Hartman & Hartman

By:______________________________
Jeffrey L Hartman
On behalf of itself as a Professional, and as Counsel for New Cal-Neva Lodge, LLC



10. Final Documentation: The parties contemplate more comprehensive documentation, pleadings, and other materials and actions in order to fully consummate their agreements, as outlined in this Term Sheet. The parties and their counsel agree to fully cooperate in the drafting and execution of such additional documents as are reasonably necessary to implement the provisions of this Term Sheet, and to obtain court approval where such approval is deemed appropriate by the parties, or required by law.

11. Prior Term Sheet: This Amended and Restated Term sheet supersedes and replaces that certain Term Sheet dated November 28, 2017 executed by certain of the parties hereto, which November 28, 2017 Term Sheet shall be of no force or effect.

Agreed to as of the date first stated above.

DLA Piper LLP (US)

By:____________________________
Eric Goldberg
Counsel for Lawrence Investments, LLC, SF Pacific, LLC and CN Hotel Holdings, LLC

Gardere Wynne Sewell LLP

By:____________________________
Frank J. Wright
Counsel for Hall CA-NV LLC

Holland & Hart

By:____________________________
Lars Evensen
Counsel for The Penta Building Group, LLC

Estes Law P.C.

By: Holly E. Estes
Holly E. Estes
Counsel for Paul and Evy Paye, LLC

Hartman & Hartman

By:____________________________
Jeffrey L Hartman
On behalf of itself as a Professional, and as Counsel for New Cal-Neva Lodge, LLC

10. Final Documentation: The parties contemplate more comprehensive documentation, pleadings, and other materials and actions in order to fully consummate their agreements, as outlined in this Term Sheet. The parties and their counsel agree to fully cooperate in the drafting and execution of such additional documents as are reasonably necessary to implement the provisions of this Term Sheet, and to obtain court approval where such approval is deemed appropriate by the parties, or required by law.

11. Prior Term Sheet: This Amended and Restated Term sheet supersedes and replaces that certain Term Sheet dated November 28, 2017 executed by certain of the parties hereto, which November 28, 2017 Term Sheet shall be of no force or effect.

Agreed to as of the date first stated above.

DLA Piper LLP (US)

By:______________________________
Eric Goldberg
Counsel for Lawrence Investments, LLC, SF Pacific, LLC and CN Hotel Holdings, LLC

Gardere Wynne Sewell LLP

By:______________________________
Frank J. Wright
Counsel for Hall CA-NV LLC

Holland & Hart

By:______________________________
Lars Evensen
Counsel for The Penta Building Group, LLC

Estes Law P.C.

By:______________________________
Holly E. Estes
Counsel for Paul and Evy Paye, LLC

Hartman & Hartman

By: Jeffrey L. Hartman 12/6/17
Jeffrey L. Hartman
On behalf of itself as a Professional, and as Counsel for New Cal-Neva Lodge, LLC

Keller & Benvenutti

By:______________________________
Peter J. Benvenutti
On behalf of itself as a Professional, and as Counsel for New Cal-Neva Lodge, LLC

Fennemore Craig, P.C.

By:______________________________
Courtney Miller O'Mara
On behalf of itself as a Professional, and as Counsel for the Official Committee of Unsecured Creditors

Pachulski Stang Ziehl & Jones LLP

By:______________________________
Shirley S. Cho
On behalf of itself as a Professional, and as Counsel for the Official Committee of Unsecured Creditors

Keller & Benvenutti

By:________________________________
Peter J. Benvenutti
On behalf of itself as a Professional, and as Counsel for New Cal-Neva Lodge, LLC

Fennemore Craig, P.C.

By:________________________________
Courtney Miller O'Mara
On behalf of itself as a Professional, and as Counsel for the Official Committee of Unsecured Creditors

Pachulski Stang Ziehl & Jones LLP

By:________________________________
Shirley S. Cho
On behalf of itself as a Professional, and as Counsel for the Official Committee of Unsecured Creditors

# EXHIBIT B

Case 3:17-cv-00636-RCJ Document 30 Filed 12/07/17 Page 1 of 4

Nathan J. Aman, Esq.
Nevada Bar No. 8354
naman@renonvlaw.com
Jeremy B. Clarke, Esq.
Nevada Bar No. 13849
jclarke@renonvlaw.com
FAHRENDORF, VILORIA,
OLIPHANT & OSTER L.L.P.
P.O. Box 62
Reno, Nevada 89504
(775) 284-8888

Frank J. Wright (TX Bar No. 22028800)
*(Pro Hac Vice, Verified Petition Pending)*
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
(214) 999.3000
fwright@gardere.com

Attorneys for Hall CA-NV, LLC

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

In Re:

NEW CAL NEVA LODGE, LLC,
A Nevada Limited-Liability Company;

Debtor

HALL CA-NV, LLC, a Texas Limited-Liability Company,

Appellant,

vs.

LAWRENCE INVESTMENTS, LLC; OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

Appellees.

**Case No:** 3:17-cv-00636-RCJ

**US Bankruptcy Court, District of Nevada**
**Case No:** BK–16–51282–gwz
**Appeal Ref. No.:** 17-49

**STIPULATION TO VOLUNTARILY DISMISS APPEAL WITH PREJUDICE AND TO TERMINATE STAY OF CONFIRMATION ORDER PENDING APPEAL**

(First Request)

**STIPULATION TO VOLUNTARILY DISMISS APPEAL WITH PREJUDICE AND TO TERMINATE STAY OF CONFIRMATION ORDER PENDING APPEAL**

Appellants, Hall CA-NV, LLC, a Texas Limited-Liability Company ("Hall") by and through its counsel, Frank J. Wright, Esq., of Gardere Wynne Sewell, LLP; Appellants Paul and Evy Paye, LLC, a California limited liability company ("Paye") by and through its counsel, Holly E. Estes, Esq., of Estes Law, P.C.; Appellee, Lawrence Investments, LLC ("Lawrence"), by and through its counsel Eric Goldberg, Esq., of DLA Piper LLP; Appellee, the Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel Shirley S. Cho, Esq., of Pachulski Stang Ziehl & Jones LLP; and interested party, Penta Building Group, LLC ("Penta"), by and through its counsel Lars Evensen, Esq., of Holland & Hart (hereinafter cumulatively referred to as the "Parties"), hereby stipulate and agree to dismiss with prejudice the appeal with Appeal Reference Number 17-49 and original case number 3:17-cv-00636-RCJ which is now consolidated with the Appeal Reference Number 17-50 pursuant to Federal Rule of Bankruptcy Procedure 8023. The Parties further stipulate and agree that the Stay of Confirmation Order Pending Appeal which was granted at the emergency hearing held October 24, 2017 shall terminate upon entry of this Stipulation and Order.

The Parties stipulate and agree that each party shall bear its own fees and costs related to the appeal.

IT IS SO STIPULATED.

**DATED** this 7th day of December, 2017.

GARDERE WYNNE SEWELL, LLP

By: */s/ Frank J. Wright*
FRANK J. WRIGHT, ESQ.
Hall CA-NV, LLC

**DATED** this 7th day of December, 2017.

ESTES LAW

By: */s/ Holly E. Estes*
HOLLY E. ESTES, ESQ.
Paul and Evy Paye, LLC

**DATED** this 7th day of December, 2017.

DLA PIPER LLP

By: */s/ Eric Goldberg*
ERIC GOLDBERG, ESQ.
Lawrence Investments, LLC

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

Case 3:17-cv-00636-RCJ Document 30 Filed 12/07/17 Page 3 of 4

**DATED** this 7th day of December, 2017.

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Shirley S. Cho*
SHIRLEY S. CHO, ESQ.
Official Committee of Unsecured Creditors

**DATED** this 7th day of December, 2017.

HOLLAND & HART

By: */s/ Lars Evensen*
LARS EVENSEN, ESQ.
Penta Building Group, LLC

**IT IS SO ORDERED:**

**DATED** this 12 day of December, 2017.

By: [signature]
UNITED STATES DISTRICT JUDGE or
UNITED STATED MAGISTRATE JUDGE

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

Case 3:17-cv-00636-RCJ Document 30 Filed 12/07/17 Page 4 of 4

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

**CERTIFICATE OF SERVICE**

I the undersigned, hereby certify that on the 7th day of December, 2017, the foregoing document was served on all parties consenting to electronic service in this case *via* the Court's *CM/ECF* system of the District Court.

/s/ Alexandra Schroeder

The foregoing document has been delivered by other means to:

Eric Goldberg
DLA Piper LLP (US)
Suite 400 North Tower
2000 Avenue of the Stars
Los Angeles, CA 90067

John Fiero
Fennemore Craig, P.C.
150 California Street, 15th Floor
San Francisco, CA 94111

Paul Wassgren
DLA Piper LLP(US)
Suite 400 North Tower
2000 Avenue of the Stars
Los Angeles, CA 90067

Shirley Cho
Fennemore Craig, P.C.
150 California Street, 15th Floor
San Francisco, CA 94111

HOLLY E. ESTES, ESQ.
Nevada Bar No. 11797
ESTES LAW, P.C.
605 Forest Street
Reno, Nevada 89509
Telephone (775) 321-1333
Facsimile (775) 321-1314
***Email: hestes@esteslawpc.com***

Attorney for Paul and Evy Paye, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:

NEW CAL-NEVA LODGE, LLC,

Debtor.

_______________________________/

PAUL AND EVY PAYE, LLC, a California limited liability company,

Appellant.

v.

LAWRENCE INVESTMENTS, LLC; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; NEW CAL NEVA LODGE, LLC; CR LAKE TAHOE, LLC; 9898 LAKE, LLC,

Appellees.

_______________________________/

Case No. BK-N-16-51282-GWZ
Chapter 11

**Lead Case:**
Appeal Reference No. 17-49

District Court No. 3:17-cv-00636-RCJ

**Consolidated with**:
Appeal Reference No. 17-50

District Court No. 3:17-cv-00640-RCJ

**STIPULATION TO VOLUNTARILY DISMISS APPEAL WITH PREJUDICE**

(First Request)

Appellants, Paul and Evy Paye, LLC, a California limited liability company ("Paye") by and through its counsel, Holly E. Estes, Esq., of Estes Law, P.C., Appellants, Hall CA-NV LLC, a Texas limited liability company ("Hall"), by and through its counsel, Frank J. Wright, Esq., Appellee, Lawrence Investments, LLC ("Lawrence"), by and through its counsel Eric Goldberg, Esq., of DLA Piper LLP, Appellee, the Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel Shirley S. Cho, Esq., of Pachulski

Stang Ziehl & Jones LLP, and interested party, Penta Building Group, LLC ("Penta"), by and through its counsel Lars Evensen, Esq., of Holland & Hart (hereinafter cumulatively referred to as the "Parties"), hereby stipulate and agree to dismiss with prejudice the appeal with appeal reference number 17-50 and original case number 3:17-cv-00640-RCJ which is now consolidated with the lead case number 3:17-cv-00636-RCJ pursuant to Federal Rule of Bankruptcy Procedure 8023. The Parties stipulate and agree that each party shall bear its own fees and costs related to the appeal.

IT IS SO STIPULATED.

**DATED** this 6th day of December, 2017.

ESTES LAW

By: */s/ Holly E. Estes*
HOLLY E. ESTES, ESQ.
Paul and Evy Paye, LLC

**DATED** this 6th day of December, 2017.

By: */s/ Frank J. Wright*
FRANK J. WRIGHT, ESQ.
Hall CA-NV, LLC

**DATED** this 6th day of December, 2017.

DLA PIPER LLP

By: */s/ Eric Goldberg*
ERIC GOLDBERG, ESQ.
Lawrence Investments, LLC

**DATED** this 6th day of December, 2017.

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Shirley S. Cho*
SHIRLEY S. CHO, ESQ.
Official Committee of Unsecured Creditors

**DATED** this 6th day of December, 2017.

HOLLAND & HART

By: */s/ Lars Evensen*
LARS EVENSEN, ESQ.
Penta Building Group, LLC

Case 3:17-cv-00636-RCJ Document 32 Filed 12/11/17 Page 3 of 4

**IT IS SO ORDERED.**

**DATED** this 12 day of December, 2017.

By: [signature]

UNITED STATES DISTRICT JUDGE or
UNITED STATES MAGISTRATE JUDGE

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada 89509
(775) 321-1333

# CERTIFICATE OF SERVICE

I, Holly E. Estes, Esq., hereby certify that on the 6th day of December, 2017, the foregoing document was served on all parties consenting to electronic service in this case *via* the Court's CM/ECF system.

In addition, I served the following persons listed below via email on December 6, 2017:

9898 Lake, LLC
by way of its Registered
Agent, Capitol Corporate
Services, Inc.
Info@capitolservices.com

CR Lake Tahoe, LLC
by way of its Registered
Agent, Capitol Services,
Inc.
Info@capitolservices.com

Peter J. Benvenutti
Keller Benvenutti, LLP

*/s/ Holly E. Estes*

HOLLY E. ESTES