_____
Honorable Gregg W. Zive
United States Bankruptcy Judge

Entered on Docket
December 26, 2017

DAWN M. CICA, ESQ.
Nevada Bar 4565
**MUSHKIN • CICA • COPPEDGE**
4475 S. Pecos Rd.
Las Vegas, Nevada 89121
(702) 386-3999
(Fax) (702) 869-2669
Email: dcica@mccnvlaw.com

Lars Evensen, Esq. (NV Bar No. 8061)
Joseph G. Went, Esq. (NV Bar No. 9220)
HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600
Fax: (702) 475-4199
lkevensen@hollandhart.com

*Attorneys for Penta Building Group, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NEW CAL-NEVA LODGE, LLC<br>Debtor. | CASE NO.: BK-N- 16-51282-GWZ<br>CHAPTER: 11<br>**ORDER GRANTING JOINT MOTION TO APPROVE COMPROMISE AND SETTLEMENT AGREEMENT AND DISMISSAL UNDER FRBP 7041** |

1

**On the 21st day of December, 2017, came on before the Court** the Joint Motion to Approve Compromise and Settlement Agreement and Dismissal under Fed. R. Bankr. P. 7041(a)(2) (the "**Motion**") [Doc #200 in Adversary 16-05036 and Doc #1044 in Bankruptcy Case No. 16-51282-GWZ], which Motion sought the approval of the Compromise and Settlement Agreement (the "**Compromise**") that is attached as Exhibit 1 to the Motion, and is by and between Hall CA-NV, LLC ("Hall"), The Penta Building Group ("Penta"), and the Debtor New Cal-Neva Lodge, LLC ("Debtor") as well as other parties; and the Court having considered the several declarations filed in support thereof, the Supplement and Errata thereto, the Term Sheet (the "Term Sheet") referenced in the Motion, which is attached as Exhibit A to the Joint Emergency Motion for Order Approving Non-Material Modifications to Confirmed Plan and Related Relief 16-51282-GWZ, [Doc #1036] (the "Plan Modification"), Ladera Development, LLC's Limited Response to Approve Compromise and Settlement and Dismissal Under FRCP 7041 (the "Ladera Response"), the other papers filed in connect therewith, and the arguments of counsel; and the Court having overruled the Ladera Response;

**And the Court having made** its findings of fact and conclusions of law on the record, which the Court is incorporating herein by reference under Fed. R. Bank. P. 7052, and to the extent any finding of fact is a conclusion of law, it shall be deemed a conclusion of law and to the extent any conclusion of law is a finding of fact, it shall be deemed a finding of fact; which findings and conclusions are set forth in part below:

**THIS COURT HEREBY FINDS**, that the following factors with respect to the Compromise, pursuant to Fed. R. Bankr. P. 9019 – as set forth in <u>In re A & C Properties</u>, 784 F.2d 1377, 1381 (9th Cir. 1986) – have been met:  (1) There are two phases in the Lien Litigation, the first addressing the issue of priority followed by all other issues. With respect to the first phase, Hall, Ladera and Penta assert that each are likely to prevail on the merits. As to the second phase, discovery has not even begun, and there are multiple disputes over claims, amounts of claims and counterclaims.  (2) The Lien Litigation is substantial, complex, and given the nature of the Lien Litigation, has been and will continue to be very costly to all parties involved to continue to litigate this matter.  Both phases of the Lien Litigation contain complex

2

issues. The parties have already exchanged substantial discovery, examined document production and the parties have concluded that substantial risk and exposure continues to exist. The Compromise guarantees certainty of payment to Hall and Penta (and its subcontractors) as well as the non-Penta mechanic lien holders. This Court takes judicial notice of the fact that the Debtor has no resources to engage in litigating this matter. (3) Approving the Compromise is in the paramount interest of the Debtor and its creditors, as it is a material term to confirmation of the Plan Modification, is reasonable, and permits the Plan to be consummated. The Court finds that approval of the Compromise and dismissal of the Lien Litigation with prejudice, avoids the risk that the Plan would fail and the favorable sale on which it is based would be lost.

**IT IS FURTHER FOUND** the Compromise is an arms-length agreement entered into voluntarily by the multiple parties who executed the Compromise. Ladera was not a party to the Compromise and has not given any releases. The Compromise is fair and reasonable, including that the Compromise contains as one of its terms the dismissal of the Lien Litigation with prejudice. The Court finds the terms of the Compromise are appropriate.

**IT IS FURTHER FOUND** that the Ladera Response, while entitled a limited response, was an objection to the Motion. The Ladera Response was not supported by a declaration or any other form of evidence. The Ladera Response was directed against the Motion, though Hall was a proponent of the Motion. The Ladera Response and Counsel for Ladera, specifically represented that Ladera did not object to the Plan Modification, the sale of the Property under the Plan Modification, the distribution of the proceeds from the sale of the Property as set forth in the Plan Modification. A material component of the Plan Modification included the dismissal of the Lien Litigation with prejudice as to all claims and all parties. Ladera's Response objected to the dismissal of Ladera's claims in this adversary proceeding with prejudice. Having considered the arguments of counsel, the intercreditor agreement by and between Hall and Ladera, and the record in the related adversary proceedings and the main case, the Court overrules the Ladera Response. The Court also denies Penta's Oral Motion to Strike the Ladera Response.

In furtherance of the Court's findings of fact and conclusions of the law:

3

**THIS COURT HEREBY ORDERS**, based on the findings herein and for good cause showing, under Fed. R. Bankr. P. 9019, the settlement between the several, as set forth in the Compromise is hereby granted and the parties are authorized to effect the payments in paragraphs 1 and 2 of the Compromise either directly from the escrow at Closing or from the Lien Litigation Reserve;

**IT IS FURTHER ORDERED** pursuant to Fed. R. Bankr. P. 7041, the Adversary Proceedings 16-05036-GWZ, 17-05003-GWZ and 17-05007-GWZ, are dismissed in their entirety, with prejudice as to all claims and parties effective upon payment of the amounts set forth in the Compromise. Consistent with the Compromise, this order shall not affect or extend to those state law claims as between Penta and Savage & Sons, Inc, which are preserved and survive the Compromise. All hearings and trial dates are hereby vacated.

**IT IS FURTHER ORDERED** that nothing herein shall prejudice the rights and claims of Ladera Development, LLC ("Ladera") against Hall or Old Republic National Title Insurance Company ("Old Republic") nor the rights and claims of Hall against Ladera or Old Republic.

**IT IS ORDERED** as permitted by Fed. R. Bankr. P. 7062, and as made applicable under Fed. R. Bankr. P. 9014, this Order shall <u>not</u> be stayed for any period of time after entry. Accordingly, this Order shall be effective immediately upon entry. Local Rule 9021 is shortened to 24-hours for review by Counsel.

/ / /

/ / /

/ / /

4

**IT IS FURTHER ORDERED** that the parties whose counsel indicate below with their signature that they approve of the form of this Order expressly waive any and all rights they might otherwise have to appeal and/or seek a stay this Order or the approval of the Compromise.

**IT IS SO ORDERED.**

###

Submitted by:

*/s/ Lars Evensen*
Lars Evensen, Esq. (NV Bar No. 8061)
Joseph G. Went, Esq. (NV Bar No. 9220)
HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Phone: (702) 669-4600
Fax: (702) 475-4199
lkevensen@hollandhart.com

*Attorneys for Penta Building Group, LLC*

In accordance with LR 9021, the attorneys, submitting this document certify as follows:

___ The court has waived the requirement set forth in LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

_X_ I have delivered a copy of this proposed order to all attorneys who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| APPROVED | NOT APPROVED |
|---|---|
| */s/ Holly Estes* | */s/ Jason Rios* |
| HOLLY ESTES | JASON RIOS |
| Counsel for Paul and Evy Paye, LLC | Counsel for Ladera Development |
| APPROVED | APPROVED |
| */s/ Frank Wright* | */s/ Dawn Cica* |
| FRANK WRIGHT | DAWN CICA |
| Counsel for Hall CA-NV LLC | Counsel for the Penta Building Group, Inc. |

APPROVED

/s/ Jane Kim
JANE KIM

Counsel for Debtor

APPROVED

/s/ Shirley S. Cho
SHIRLEY S. CHO

Counsel for the Official Committee of Unsecured Creditors for New Cal-Neva Lodge, LLC

10538468_1

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134