Courtney Miller O'Mara (NV Bar No. 10683)
FENNEMORE CRAIG, P.C.
300 E. 2nd Street, Suite 150
Reno, NV 89501
Telephone:   (775) 788-2200
Facsimile:    (775) 786-1177
Email:          comara@fclaw.com

John D. Fiero (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:   (415) 263-7000
Facsimile:    (415) 263-7010
E-mail:         jfiero@pszjlaw.com
                    scho@pszjlaw.com

Counsel for the New Cal-Neva Lodge
Litigation Trust

Efiled:  May 31, 2018

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>NEW CAL-NEVA LODGE, LLC,<br><br>Debtor. | Case No. 16-51282-gwz<br><br>Chapter 11<br><br>**MOTION OF LITIGATION TRUST FOR ORDER EXTENDING CLAIMS OBJECTION DEADLINE**<br><br>Hearing Date: June 28, 2018<br>Hearing Time: 2:00 p.m. |
|---|---|

The New Cal-Neva Lodge Litigation Trust (the "Trust"), through the undersigned counsel, hereby files this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit A** extending the Claims Objection Deadline (as defined below) from July 9, 2018 to January 31, 2019.

This Motion is based on the following memorandum of points and authorities and any other evidence properly before the Court.

**WHEREFORE**, the Proponents respectfully request that the Court enter an order (a) modifying the Plan as set forth herein; and (b) granting such other and further relief as is just and proper under the circumstances.

DOCS_SF:96831.2 59941/003

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.    General Background**

On July 28, 2016 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.

On October 16, 2017, the Court entered the *Findings of Fact and Conclusions of Law in Support of Order Confirming First Amended Plan of Liquidation for New Cal-Neva Lodge, LLC Jointly Proposed by Lawrence Investments, LLC and the Official Committee of Unsecured Creditors Dated August 16, 2017* [Docket No. 965] and *Order Confirming First Amended Plan of Liquidation for New Cal-Neva Lodge, LLC Jointly Proposed by Lawrence Investments, LLC and the Official Committee of Unsecured Creditors* [Docket No. 996] (the "Confirmation Order").  The Trustee was duly appointed under the Confirmation Order.

On January 10, 2018, the Effective Date occurred under the Plan and the Trust came into effect, pursuant to which the Trust was provided the authority under the Confirmation Order and Plan to resolve all claims asserted against the Debtor's estate.

Since the Effective Date, the Trust has worked to make payments required under the Plan and Confirmation Order to be made on the Effective Date of the Plan.  Further, the Trust has completed its reconciliation of all priority claims and is now in the process of reconciling secured claims.  Concurrently herewith, the Trust has filed an omnibus objection to disallow certain priority and secured claims on the basis that such claims have been paid/satisfied.

Pursuant to the Article VIII.A.7, the deadline to object to claims is 180 days after the Effective Date, July 9, 2018 (the "Claims Objection Deadline").

This is the Trust's first request for an extension of the Claims Objection Deadline.

## II.

## RELIEF REQUESTED

By this Motion, the Trust requests a six month extension of the Claims Objection Deadline to January 31, 2019.  This extension is without prejudice to further extensions that the Trustee may

request at a later date. The Trust requires additional time to reconcile all claims filed in this case consensually if possible and, if not, by means of formal objection.

The Plan expressly provides that the Trustee may obtain an extension of the Claim Objection Deadline, providing that such deadline may be extended to such later date as may be fixed by order of the Bankruptcy Court. The requested extension would result in a more equitable resolution of any potentially, disputed claims in this case, and therefore furthers the bankruptcy policy of equality of distribution among similarly situated creditors. Accordingly, the Trustee believes the requested six month extension of the Claims Objection Deadline is warranted.

### III.

### BASIS FOR REQUESTED RELIEF

The Plan, the Bankruptcy Code and Bankruptcy Rules provide the Court with the authority to grant the requested extension of the Claims Objection Deadline. The Plan contemplates an extension of the deadline, as the definition of "Claims Objection Deadline" in Article II.A.24 includes "unless further extended by the Bankruptcy Court upon request of the Litigation Trustee." Also, section 105 of the Bankruptcy Code provides that the Court may "issue any order … necessary or appropriate to carry out the provisions of this title." Further, the Federal Rules of Bankruptcy Procedure 9006(b) provide in relevant part -

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may …. order the period enlarged if the request therefor is made before the expiration of the period originally prescribed..."

Fed. R. Bankr. P. 9006(b)(1).

Cause exists to further extend the Claims Objection Deadline in this case. First, this Motion falls within the ambit of Rule 9006(b)(1) because it is filed before the Claims Objection Deadline and is therefore timely. Second, the Trust is diligently working with its professionals to further reconcile all claims and attempt to informally resolve any remaining, potentially disputed claims. Third, the Plan contemplates an extension of the Claims Objection Deadline (and any subsequent claims objection deadlines) so as to enable the Trustee to more effectively prosecute and resolve disputed claims. Under these circumstances, the Trust believes that cause exists to extend the

3

DOCS_SF:96831.2 59941/003

1  Claims Objection Deadline from July 9, 2018 to January 31, 2019 and that the Motion should be
2  granted.
3      **WHEREFORE**, the Trust respectfully requests that the Court enter an order substantially in
4  the form attached hereto as **Exhibit A** extending the Claims Objection Deadline from July 9, 2018 to
5  January 31, 2019, with the right to request a further extension as necessary.
6  Dated: May 31, 2018

*Courtney Miller O'Mara*

Courtney Miller O'Mara (NV Bar No. 10683)
FENNEMORE CRAIG, P.C.
300 E. 2nd Street, Suite 150
Reno, NV 89501
Telephone:   (775) 788-2200
Facsimile:   (775) 786-1177
Email:        comara@fclaw.com

John D. Fiero (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:   (415) 263-7000
Facsimile:   (415) 263-7010
E-mail:      jfiero@pszjlaw.com
             scho@pszjlaw.com

Counsel for the New Cal-Neva Litigation Trust

4

DOCS_SF:96831.2 59941/003

# EXHIBIT A

### (Proposed Order)

DOCS_SF:96831.2 59941/003

Courtney Miller O'Mara (NV Bar No. 10683)
FENNEMORE CRAIG, P.C.
300 E. 2nd Street, Suite 150
Reno, NV 89501
Telephone:	(775) 788-2200
Facsimile:	(775) 786-1177
Email:	comara@fclaw.com

John D. Fiero (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:	(415) 263-7000
Facsimile:	(415) 263-7010
E-mail:	jfiero@pszjlaw.com
	scho@pszjlaw.com

Counsel for the New Cal-Neva Lodge Litigation Trust

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 16-51282-gwz |
| NEW CAL-NEVA LODGE, LLC, | Chapter 11 |
| Debtor. | **ORDER APPROVING MOTION OF LITIGATION TRUST FOR ORDER EXTENDING CLAIMS OBJECTION DEADLINE** |
| | Hearing Date:	June 28, 2018<br>Hearing Time:	2:00 p.m. |

DOCS_SF:96831.2 59941/003

The Litigation Trustee in the above-captioned matter, having filed the *Motion of Litigation Trust for Order Extending Claims Objection Deadline* [Docket No. ____] (the "Motion");[1] the Court having reviewed the Motion; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134, (ii) the relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) notice of the Motion was sufficient under the circumstances, and (iv) the requested relief is in the best interests of the Debtor, its estate, its creditors, and other parties in interest,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Claims Objection Deadline is hereby extended from July 9, 2018 to January 31, 2019.

3. This order is without prejudice to the Litigation Trust's right to seek a further extension of the Claims Objection Deadline.

4. The Court will retain jurisdiction to hear and determine all matters arising from or related to this Order.

###

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

DOCS_SF:96831.2 59941/003